IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID TRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO._____ |
| V. | § | |
| | § | |
| NATIONWIDE PROPERTY AND | § | JURY DEMAND |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") hereby files this Notice of Removal:

**I.
FACTUAL BACKGROUND**

1.   In this civil action, Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under the policy and Defendants wrongfully denied Plaintiff's claim.

2.   On August 3, 2015, Plaintiff David Tran ("Plaintiff") filed a lawsuit styled *David Tran v. Nationwide Property and Casualty Insurance Company and Scottie R. Ayers*, Cause No. 2015-44919 in the 133rd Judicial District Court, Harris County, Texas.

3. Nationwide's registered agent received service of this suit on August 24, 2015. Scottie R. Ayers received service of this suit on September 1, 2015.

4. Defendant Nationwide files this notice of removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule 81. A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

6. As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents with attachments including all executed process, pleadings, orders, and the docket sheet. A list of counsel is attached hereto as Exhibit "B."

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A. There is Complete Diversity of Citizenship.**

8. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Plaintiff's Original Pet. ¶ 2.

9. Defendant Nationwide is, and was at the time the lawsuit was filed, a citizen of Ohio. Nationwide is an insurance company incorporated under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio.

10. Defendant Scottie R. Ayers ("Ayers"), not a proper party to this suit, is a citizen of the state of Texas.

2280734v1
00121.829

### B. Defendant Scottie R. Ayers Has Been Improperly Joined.

11. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Nationwide would show that "there is no reasonable basis for the district court to predict that the [plaintiff] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573.

12. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id.* The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel*

*Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

14. Here, Plaintiff fails to offer any specific facts in support of his claims against Ayers, an insurance adjuster, as distinct from Plaintiff's claims against Nationwide, and therefore fails to state a viable state law claim against Ayers, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

14. Aside from alleging that Ayers is a licensed Texas insurance adjuster, Plaintiff makes no factual allegations that apply specifically to Ayers with respect to the asserted causes of action. Plaintiff's Original Pet. ¶ 4. Plaintiff even fails to specify whether Ayers had any involvement in the underlying claim. Rather, Plaintiff asserts conclusory allegations that "Defendants" failed to property adjust the claim, improperly paid the claim, failed to perform their contractual duty, failed to provide an adequate settlement, and misrepresented covered damages. *See* Plaintiff's Original Pet. ¶¶ 12-25. Just as in the *Okenkpu* case cited above, Plaintiff's Original Petition "fails to specify any statements which [Plaintiff considers] to be misrepresentations or fraudulent, [Plaintiff does] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6.

15. Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply. "Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them." *Bailey v. State Farm Lloyds*, No. CIV.A. H-00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001) (Gilmore, J.). Because Plaintiff's Original Petition fails to state any specific, actionable conduct on Ayers part, or even specify whether Ayers was an adjuster assigned to the underlying claim, there is no reasonable basis for the Court to predict that Plaintiff might be able to recover against Ayers, individually, as opposed to recovering on his contractual claims against Nationwide. *Griggs*, 181 F.3d at 699-701; *Keen,* 875 F.Supp.2d at 686 (holding that, because the plaintiff's claims against the adjuster were identical to his claims against the insurer, the plaintiff failed adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

16. Further, without asserting facts as to how Ayers, individually, committed an actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal. *See Twombly*, 550 U.S. at 555. Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *See Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).

Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the only factual allegations Plaintiff asserts are against "Defendants" collectively, and the alleged harm is denial or underpayment of the claim by Nationwide. *See Plaintiff's* Original Pet. ¶ 10.

17. To plead a valid state law cause of action, Plaintiff's' Petition must demonstrate a "factual fit" between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)). Plaintiff's Original Petition does not. Under the Texas notice pleading standard, a plaintiff has not alleged a reasonable basis for the court to predict that the plaintiff can recover against a party if the allegations against the party are too conclusory and too vague to demonstrate a plausible right to relief. *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, slip op.at 6 (N.D. Tex. Aug. 31, 2015.). It is not the law in Texas that any time a portion of damages are found not to be covered under an insurance policy that a reasonable possibility of recovery against an adjuster individually exists because he theoretically could have possibly violated the Insurance Code. This, however, is precisely the pleaded claims against Ayers. As pleaded, these claims are not actionable against Ayers, asserted only to attempt to defeat diversity jurisdiction, and should be dismissed.

18. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Nationwide owes Plaintiff any amount for a covered loss. Plaintiff's claims are for economic losses against Nationwide, which are contractual claims, not extra-contractual claims against an

independent adjuster. Therefore, Plaintiff's assertions against Ayers, the non-diverse defendant, fail to show any likelihood of recovery against Ayers. The citizenship of the non-diverse defendant, Ayers, therefore, is disregarded and removal of this case is proper.

### C. The Amount In Controversy Exceeds Jurisdictional Requirements.

19. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff alleges that Defendants are liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendants wrongfully adjusted and denied Plaintiff's claim.

20. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

21. Based on the foregoing, the amount in controversy exceeds the jurisdictional removal requirement of $75,000. Plaintiff's Original Petition alleges that Defendants are liable under various causes of action for actual damages, including the amount that should have been paid

under the policy, consequential damages, mental anguish, court costs, and attorney's fees, and punitive damages, including three times the actual damages and 18% per annum post judgment interest. *See* Plaintiff's Original Petition ¶¶ 46-49. In addition, the insurance policy at issue is subject to a $235,000 dwelling coverage limit. Finally, Plaintiff's sent a letter to Nationwide, dated July 15, 2015, demanding payment of $31,500 in economic damages, $154,500 in consequential damages, and $75,500 in expenses in connection with this claim. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### D. Removal is Procedurally Correct.

22. Nationwide first received notice of Plaintiff's Original Petition on August 24, 2015, when Nationwide was served. Nationwide is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

23. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

24. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

25. Pursuant to 28 U.S.C. §1446(d), promptly after Nationwide files this Notice, written notice of the filing will be given to Plaintiff.

26. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Nationwide files this Notice.

27. Consent of an improperly joined defendant is not necessary for removal.

# III.
# CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Nationwide hereby removes this case to this Court for trial and determination.

                                Respectfully submitted,

                                THOMPSON, COE, COUSINS & IRONS, L.L.P.

                                By:   */s/ Jamie R. Carsey*
                                         Jamie R. Carsey
                                         Texas State Bar No. 24045620
                                         Southern District I.D. No. 567102
                                         E-Mail: *jcarsey@thompsoncoe.com*
                                         Lauren E. Figaro
                                         Texas State Bar No. 24087510
                                         Southern District I.D. No. 2498005
                                         E-Mail: *lfigaro@thompsoncoe.com*
                                         One Riverway, Suite 1400
                                         Houston, Texas   77056-1988
                                         (713) 403-8210  Telephone
                                         (713) 403-8299  Telecopier

                                         ***Counsel for Defendants Nationwide Property and Casualty Insurance Company and Scott R. Ayers***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2015, a true and correct copy of the foregoing instrument was served upon all known counsel of record in accordance with the Federal Rules of Civil Procedure, as follows:

Jason M. Byrd
Thomas C. Mayo
THE BYRD LAW FIRM, PC
448 Orleans Street
Beaumont, Texas 77701
***Counsel for David Tran***

                                                                     */s/ Jamie R. Carsey*
                                                                   JAMIE R. CARSEY