**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DAVID TRAN, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | CIVIL ACTION NO._____ |
| V. | § | |
| | § |     JURY DEMAND |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS, | § | |
| | § | |
|     Defendant. | § | |

---

### INDEX OF MATTERS BEING FILED

---

Exhibit A:    Index of matters filed with attached State Court Clerk's file including processes, pleadings, and orders served in State Court case and copy of State Court Docket Sheet.

Exhibit B:    List of parties and counsel



9/14/2015 2:03:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6910906
By: JIMMY RODRIGUEZ
Filed: 9/14/2015 2:03:01 PM

## CAUSE NO. 2015-44919

| | | |
|---|---|---|
| DAVID TRAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS, | § | |
| | § | 133RD DISTRICT COURT |
| *Defendant* | § | |

### DEFENDANTS NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND SCOTTIE R. AYERS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Nationwide Property and Casualty Insurance Company and Scottie R. Ayers (collectively, "Defendants") file this, their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

1.    Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully request that Plaintiff be required to prove the charges and allegations made against Defendants by a preponderance of the evidence as is required by the Constitution and Laws of the State of Texas.

## REQUEST FOR DISCLOSURE

2.      Defendants serve this Request for Disclosure to Plaintiff pursuant to Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that:

a.      Plaintiff takes nothing by this suit; and

b.      Defendants recover their costs herein, and that it receive such other and further relief, general or special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jamie R. Carsey*
    Jamie R. Carsey
    Texas State Bar No. 24045620
    *E-Mail: jcarsey@thompsoncoe.com*
    One Riverway, Suite 1400
    Houston, Texas  77056-1988
    (713) 403-8210  Telephone
    (713) 403-8299  Telecopier

**Counsel for Defendants NATIONWIDE
PROPERTY AND CASUALTY INSURANCE
COMPANY AND SCOTTIE R. AYERS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September14th, 2015, a true and correct copy of the foregoing instrument was served upon all known counsel of record, in accordance with the Texas Rules of Civil Procedure:

Jason M. Byrd
Thomas C. Mayo
THE BYRD LAW FIRM, PC
448 Orleans Street
Beaumont, Texas 77701


/s/ Jamie R. Carsey
JAMIE R. CARSEY

**Terrell, Kelly A.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Monday, September 14, 2015 3:36 PM |
| **To:** | Terrell, Kelly A. |
| **Subject:** | eFileTexas.gov – Filing Accepted - 6910906 |



# Filing Accepted
Envelope Number: **6910906**

The filing below was reviewed and has been accepted by the clerks office. Be sure to click the link below to retrieve your file stamped copy of the document filed.

| Filing Details | |
|---|---|
| **Court** | Harris County District Civil |
| **Case Number** | 201544919 |
| **Case Style** | TRAN, DAVID v NATIONWIDE PROPERTY AND CASUALTY INSURAN |
| **Date/Time Submitted** | 9/14/2015 2:03:01 PM |
| **Date/Time Accepted** | 9/14/2015 3:23:08 PM |
| **Accepted Comments** | |
| **Filing Type** | Answer/ Response / Waiver |
| **Activity Requested** | EFileAndServe |
| **Filed By** | Kelly Terrell |

| Document Details | |
|---|---|
| **Lead File** | D.'s Answer to P.'s Petition & RFD.pdf |
| **Lead File Page Count** | 3 |
| **File Stamped Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=c439eda3-8bf7-4e88-bce2-48f314226342<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| Online: https://www.FileTime.com<br>Phone: (800) 658-1233<br>Available 24x7 and online with chat |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

**Terrell, Kelly A.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Monday, September 14, 2015 2:04 PM |
| **To:** | Terrell, Kelly A. |
| **Subject:** | eFileTexas.gov – Filing Submitted – 6910906 |



# Filing Submitted
### Envelope Number: **6910906**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Harris County District Civil |
| **Date/Time Submitted:** | 9/14/2015 2:03:01 PM |
| **Filing Type:** | No Fee Documents |
| **Activity Requested:** | EFileAndServe |
| **Filed By:** | Kelly Terrell |

| Fee Details | |
|---|---|
| This envelope is pending review and fees may change. | |
| Case Fee Information | $6.50 |
| Payment Service Fees | $0.18 |
| Court Transaction Fees | $2.00 |
| Provider Service Fees | $3.99 |
| Provider Tax Fees | $0.33 |
| No Fee Documents | $0.00 |

**Total:** $6.50 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead File:** | D.'s Answer to P.'s Petition & RFD.pdf |
| **Lead File Page Count:** | 3 |
| **File Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=c439eda3-8bf7-4e88-bce2-48f314226342 <br> This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| Online: https://www.FileTime.com<br>Phone: (800) 658-1233<br>Available 24x7 and online with chat |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

FileTime ~ View Submission                                                     Page 1 of 1

**Success!**
Filing Successfully Submitted to EFM.

[Save as PDF]

## Proof of Submission

Submission ID: 6910906

Submission Date and Time: 9/14/2015 2:02:56 PM

### Case Information

Case Title: TRAN, DAVID v NATIONWIDE PROPERTY AND CASUALTY INSURAN
Jurisdiction: Harris County - 133rd Civil District Court
Case Category: Civil - Other Civil
Case Type: Other Civil

Client ID: 00121.829
Cause No: 201544919
Attorney: Jamie R Carsey
Filer: Kelly Terrell

Payment Account: FileTime Platinum Card

### Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| New Name | TRAN, DAVID | No |
| Defendant | NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY | Yes |
| Defendant | AYERS, SCOTTIE R | Yes |
| Registered Agent | NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED BY | No |
| Plaintiff | TRAN, DAVID | No |

### Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| | Document | Type | Security |
| No Fee Documents | D.'s Answer to P.'s Petition & RFD.pdf | Lead Document | Administrative Writs |
| Filing Comments: | | | |

### Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Misty Segrest | The Byrd Law Firm | N/A | misty@txbyrd.com |
| Thomas Mayo | The Byrd Law Firm | N/A | thomas@txbyrd.com |

### Fees Breakdown

**Court Fees**

No Fee Documents

| | |
|---|---|
| Filing Fee | $0.00 |
| **Total Fee For This Filing** | **$0.00** |

**Submission Fees**

| | |
|---|---|
| Court Service Fee | $2.00 |
| eFileTexas Convenience Fee | $0.18 |
| FileTime Service Fee | $3.99 |
| Sales Tax on FileTime Fee | $0.33 |
| **Total Submission Fees** | **$6.50** |
| **Total Fees for this Submission** | **$6.50** |

### Credit Card Information for this Submission

Your credit card statement will show:
Pleading

| | |
|---|---|
| Jurisdiction (TXEFILE) | $2.00 |
| eFileTexas (Tyler Texfile Conv Fee) | $4.50 |

### Notes

The above fees are estimates only and are subject to change after clerk review. You should not use this page for billing purposes. Your firm eFiling Administrator should run a billing report under Admin > Reports.

**201544919 - TRAN, DAVID vs. NATIONWIDE PROPERTY AND CASUALTY INSURAN (Court 133)**

Chronological Print
History    All
(non-financial)

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

Purchase Order
( 0 documents )

* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.

Print List

| Image No. | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 67009165 | Return of Service Nationwide Property and Casualty | | | 09/11/2015 | 4 | Add to Basket |
| 67009166 | Return of Service Scottie R. Ayers | | | 09/11/2015 | 2 | Add to Basket |
| 66460782 | Plaintiffs Original Petition | | | 08/03/2015 | 11 | Add to Basket |
| 66460783 | Civil Case Information Sheet | | | 08/03/2015 | 1 | Add to Basket |
| 66460785 | Letter Regarding Citation Request | | | 08/03/2015 | 1 | Add to Basket |
| 66460784 | Letter Regarding Jury Trial | | | 08/03/2015 | 1 | Add to Basket |

[W96]

CAUSE NO. 201544919

9/11/2015 2:43:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6856624
By: EVELYN PALMER
Filed: 9/11/2015 2:43:59 PM

RECEIPT NO,                0.00      MTA.
\*\*\*\*\*\*\*\*\*\*                TR # 73155421

PLAINTIFF: TRAN, DAVID                               In The  133rd
vs.                                                  Judicial District Court
DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY    of Harris County, Texas
                                                     133RD DISTRICT COURT
                                                     Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: AYERS, SCOTTIE R
    7757 COUNTY ROAD 241,  CLYDE TX 79510

        Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 3rd day of August, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

        YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
        This citation was issued on 4th day of August, 2015, under my hand and
seal of said Court.

Issued at request of:                    Chris Daniel, District Clerk
BYRD, JASON MICHAEL                      Harris County, Texas
448 ORLEANS                              201 Caroline     Houston, Texas 77002
BEAUMONT, TX 77701                       P.O. Box 4651, Houston, Texas 77210)
Tel: (409) 924-0660
Bar No.: 24036303              GENERATED BY: TAYLOR, SHANELLE L  3VT//10159409

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ Neil McCallum & Associates, Inc _____ day of __August__ , __2015__.

Executed at (address) _____ 2615 Calder, Suite 111 _____ in
                              Beaumont, TX 77702
__Jefferson__ County at _____ o'clock _____.M., on the __1__ day of __September__

__2015__, by delivering to __Scottie Ayers__ _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____ , _____.

Fee: $30.00                              _____

                                         _____ of _____ County, Texas

__Kathy Keith__
Affiant                                  By _____
                                            Deputy

On this day, __Kathy Keith__ _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this __3__ day of __September__ , __2015__.

                                         __Laura Beth Hataway__
                                         Notary Public

N.INT,CITR.P


LAURA BETH HATAWAY
MY COMMISSION EXPIRES
December 11, 2016

A



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total | |

7010 2760 0002 4436 2185

Scottie R. Ayers
7757 County Road 241
Clyde, Tx 79510

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Scottie R. Ayers
7757 County Road 241
Clyde, Tx 79510

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Scott Ayers_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Scott Ayers_   _9/11/2015_

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
7010 2760 0002 4436 2185

PS Form 3811, July 2013        Domestic Return Receipt

9/11/2015 2:43:59 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6890624
By: EVELYN PALMER
Filed: 9/11/2015 2:43:59 PM

THE STATE OF TEXAS
133rd JUDICIAL DISTRICT COURT
HARRIS, COUNTY TEXAS

| | | |
|---|---|---|
| Tran, David | § | |
| Vs. | § | No. 201544919 |
| Nationwide Property and Casualty Insurance | § | |

<u>AFFIDAVIT OF RETURN OF SERVICE BY</u>
<u>AUTHORIZED PERSON</u>

STATE OF TEXAS

COUNTY OF JEFFERSON

BEFORE ME, the undersigned authority, on this day personally appeared KATHY KEATH who, being sworn, did depose as follows:

"My name is KATHY KEATH. I am over 18 years of age, of sound mind and fully qualified to make this affidavit, and have never been convicted of a crime. I have personal knowledge of the facts stated below.

"Attached is the following true and correct copy of the citation which I served via Certified Mail, Return Receipt Requested, on the following Defendant:

Scottie R. Ayers ............................................................................... Exhibit A
Nationwide Property and Casualty Insurance .......................................... Exhibit B

"Further affiant sayeth not."

_____
KATHY KEATH

SUBSCRIBED AND SWORN TO before me, the undersigned authority, on this ____3____ day of __September__, 20 15, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC

LAURA BETH HATAWAY
MY COMMISSION EXPIRES
December 11, 2016



CAUSE NO. 201544919

RECEIPT  NO.                          0.00        MTA
**********                TR # 73155418

PLAINTIFF: TRAN, DAVID                                    In The  133rd
         vs.                                             Judicial District Court
DEFENDANT: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY    of Harris County, Texas
                                                        133RD DISTRICT COURT
                                                        Houston, TX
                          CITATION (OHIO)

THE STATE OF TEXAS
County of Harris

TO: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY MAY BE SERVED BY
    SERVING ANY OFFICER DIRECTOR OR AGENT
    ONE WEST NATIONWEST BLVD   COLUMBUS OH 43215

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>3rd day of August, 2015</u>, in the above cited cause number
and court.  The instrument attached describes the claim agaist you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 4th day of August, 2015, under my hand and
seal of said Court.

<u>Issued at request of:</u>                       CHRIS DANIEL, District Clerk
BYRD, JASON MICHAEL                               Harris County, Texas
448 ORLEANS                                       201 Caroline      Houston, Texas 77002
BEAUMONT, TX 77701                                (P.O. Box 4651 Houston, Texas 77210))
Tel: (409) 924-0660
<u>Bar No.</u>: 24036303                          GENERATED BY TAYLOR, SHANELLE L   3VT/10159409

                          CERTIFICATION

TO THE SHERIFF OF _____, _____ COUNTY, OHIO

    The <u>133rd</u> Judicial Court of Harris County, Texas has authority to issue the legal
documents for service upon residents and corporations in the State of Ohio.

    The issued legal documents for residents and corporations in the State of Ohio do
confirm with the laws of the State of Texas.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Houston, Texas, on this <u>4th</u> day of ___<u>August</u>_____, A.D. <u>2015</u>.

                              CHRIS DANIEL, DISTRICT CLERK
                              HARRIS COUNTY, T E X A S

                              BY _____
                              DEPUTY DISTRICT CLERK
                              HARRIS COUNTY, TEXAS

NJNT.CITO.P

RETURN

Came to hand on the 18 day of August ,2015, at
_____ o'clock _____.M., and executed in Jefferson _____ County, Texas,
by delivering to each of the within named defendants, in person a true copy of
this citation at the following time and places, to wit:

NAME: Nationwide Property & Casualty

DATE SERVED - (MONTH, DAY, YEAR): 8/24/15

PLACE OF SERVICE:

And not executed as to the Defendant, the deligence used in finding said
Defendant being _____
_____.

FEE: $30.00 _____
                                                _____ County, Texas
                                          by _____
                                                        Deputy

Kathey Keith
Authorized Person

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned Notary Public on 3
day of September , 2015.

Laura Beth Hataway
Notary Public

LAURA BETH HATAWAY
MY COMMISSION EXPIRES
December 11, 2016

N.INT.CITO.P

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |

Nationwide Property & Casualty Insuranc
Serv Any Officer Director or Agent
One West Nationwest Blvd
Columbus, OH 43215

7010 2780 0002 4436 2192

PS Form 3800, August 2006                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nationwide Property & Casualty Insurance
Serv Any Officer Director or Agent
One West Nationwest Blvd
Columbus, OH 43215

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                ☐ Agent
                                 ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number    7010 2780 0002 4436 2192

PS Form 3811, July 2013          Domestic Return Receipt

Unofficial Copy Office of Chris Daniel District Clerk

8/3/2015 1:23:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6329040
By: Nelson Cuero
Filed: 8/3/2015 1:23:16 PM

# 2015-44919 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID TRAN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DAVID TRAN, Plaintiff herein, who files this his Original Petition against the Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and SCOTTIE R. AYERS, and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### B. Parties

2.    Plaintiff DAVID TRAN is an Individual who resides in HARRIS County, Texas.

3.    Defendant NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving any officer, director or agent at One West Nationwide Blvd., Columbus, OH 43215-2220.

4.    Defendant, SCOTTIE R. AYERS, is a licensed Texas insurance adjuster who may be served with citation via certified mail, return receipt requested at 7757 County Road 241, Clyde, TX 79510.

### C. Jurisdiction

5.    The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.    The Court has jurisdiction over Defendants NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and SCOTTIE R. AYERS because Defendants are citizens of the State of Texas and/or engage in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.    Venue is proper in HARRIS County, Texas because the insured property is situated in HARRIS County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.    Plaintiff was the owner of **Texas Homeowner's Policy number 514713** issued by NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY Defendant, (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 6602 Goldenview Court, Houston, TX 77083.

9.    Defendant NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff.

The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.     Plaintiff submitted a claim to Defendant with date of loss April 19, 2015 for wind and/or hail damage to the dwelling and contents of the home.

11.     Defendants assigned claim number 7842514713HO15041901 to Plaintiff's claim.

12.     Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage.

13.     Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.     Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants.  Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15.     Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(2).

3

17.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(3).

18.    Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(4).

19.    Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE. Section 541.060(7).

20.    Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE. Section 542.055.

4

21. Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.056.

22. Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

23. From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24. As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25. Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

**F. Causes of Action**

**Causes of Action Against Defendants**

5

26.    Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act,* and intentional breach of good faith and fair dealing. Defendant, SCOTTIE R. AYERS, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.    Defendant NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY's conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.    Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29.    Defendants, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and SCOTTIE R. AYERS's conduct constitutes multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

30.    Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and

6

an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.    Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33.    Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.    Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

35.    Defendants, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and SCOTTIE R. AYERS's conduct constitutes multiple violations of the *Texas*

7

*Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.    Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.    Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

### Breach of the Duty of Good Faith and Fair Dealing

38.    Defendant NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

39.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

40.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Texas Deceptive Trade Practices Act

8

41.   Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.   At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY.   Defendant, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

   a.   Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   b.   Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

   c.   Advertising goods or services with intent not to sell them as advertised;

   d.   Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

   e.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

   f.   Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

   g.   Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

   h.   Engaging in an unconscionable course of conduct.

9

### J. Damages and Prayer

44. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, DAVID TRAN complains of NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY and SCOTTIE R. AYERS and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

47. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act*, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48. For noncompliance with *Texas Prompt Payment of Claims Act*, Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum postjudgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

49. For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

10

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
Thomas C. Mayo
State Bar No. 24032703
Thomas@txbyrd.com
448 Orleans Street
Beaumont, Texas  77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Jason M. Byrd

11

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): **2015-44919 / Court: 133**   COURT (FOR CLERK USE ONLY):

8/3/2015 1:23:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6329040
By: CUERO, NELSON
Filed: 8/3/2015 1:23:16 PM

STYLED **DAVID TRAN V. NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY AND SCOTTIE R. AYERS**
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| Name: Jason M. Byrd | Email: Jason@txbyrd.com | Plaintiff(s)/Petitioner(s): | ☒ Attorney for Plaintiff/Petitioner |
| | | | ☐ Pro Se Plaintiff/Petitioner |
| | | David Tran | ☐ Title IV-D Agency |
| Address: 448 Orleans | Telephone: 409.924.0660 | | ☐ Other: |
| | | Defendant(s)/Respondent(s): | Additional Parties in Child Support Case: |
| City/State/Zip: Beaumont, TX 77701 | Fax: 409.924.0035 | Nationwide Property & Casualty Insurance Company and Scottie R. Ayers | Custodial Parent: |
| Signature: | State Bar No: 24036303 | | Non-Custodial Parent: |
| | | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ Condemnation | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | ☐ Partition | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☒ Debt/Contract | ☐ Defamation | ☐ Quiet Title | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Trespass to Try Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Other Property: | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional Liability: | **Related to Criminal Matters** | **Other Family Law** | ☐ Support Order |
| ☐ Other Foreclosure | | ☐ Expunction | ☐ Enforce Foreign Judgment | |
| ☐ Franchise | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | ☐ Habeas Corpus | **Parent-Child Relationship** |
| ☒ Insurance | ☐ Premises | ☐ Non-Disclosure | ☐ Name Change | ☐ Adoption/Adoption with Termination |
| ☐ Landlord/Tenant | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Protective Order | ☐ Child Protection |
| ☐ Non-Competition | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— Pre-indictment | ☐ Removal of Disabilities of Minority | ☐ Child Support |
| ☐ Partnership | ☐ Other Product Liability List Product: | ☐ Other: | ☐ Other: | ☐ Custody or Visitation |
| ☐ Other Contract: | | | | ☐ Gestational Parenting |
| | ☐ Other Injury or Damage: | | | ☐ Grandparent Access |
| | | | | ☐ Paternity/Parentage |
| | | | | ☐ Termination of Parental Rights |
| **Employment** | **Other Civil** | | | ☐ Other Parent-Child: |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair Competition | ☐ Perpetuate Testimony | | |
| ☐ Termination | ☐ Code Violations | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Foreign Judgment | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Intellectual Property | ☐ Other: | | |

| Tax | Probate & Mental Health |
|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

8/3/2015 1:23:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6329040
By: CUERO, NELSON
Filed: 8/3/2015 1:23:16 PM

**2015-44919 / Court: 133**

# 1THE BYRD LAW FIRM

HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans                                                409.924.0660 Telephone
Beaumont, Texas 77701                          409.924.0035 Facsimile

August 3, 2015

Chris Daniel
Harris District Clerk
P.O. Box 4651
Houston, Texas 77210

RE:   Cause No. _____; *David Tran v. Nationwide Property and Casualty Insurance Company and Scottie R. Ayers*; In the _____ District Court of Harris County, Texas

Dear Mr. Daniel:

Please prepare the following citation as follows:

**Nationwide Property and Casualty Insurance Company,** by serving any officer, director or agent, One West Nationwide Blvd., Columbus, OH 43215, via Certified United States Mail, Return Receipt Requested.

**Scottie R. Ayers,** by serving him at 7757 County Road 241, Clyde, Texas 79510, via Certified United States Mail, Return Receipt Requested.

If possible please return the prepared citation to our office via email to misty@txbyrd.com. Our office will secure service through a private process server.

If you have any questions, please feel free to contact our office.

Sincerely,

Jason M. Byrd
For the Firm

/ms
Enclosures

Unofficial copy Office of Chris Daniel District Clerk

8/3/2015 1:23:16 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 6329040
By: CUERO, NELSON
Filed: 8/3/2015 1:23:16 PM

# 2015-44919 / Court: 133

## ¹THE BYRD LAW FIRM
HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans                                     409.924.0660 Telephone
Beaumont, Texas 77701                           409.924.0035 Facsimile

August 3, 2015

Chris Daniel
Harris District Clerk
P.O. Box 4651
Houston, Texas 77210

RE:   Cause No. _____; *David Tran v. Nationwide Property and Casualty Insurance Company and Scottie R. Ayers;* In the _____ District Court of Harris County, Texas

Dear Mr. Daniel:

Plaintiff hereby demands a Jury Trial.

Sincerely,

Jason M. Byrd
For the Firm

JMB/ms
Enclosures