IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID TRAN | § | |
| | § | |
| VS. | § | NO. 4:15-CV-02779 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS | § | JURY DEMANDED |

**PLAINTIFF'S OPPOSED MOTION TO REMAND AND MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, DAVID TRAN, ("Plaintiff") and file this *Plaintiff's Opposed Motion to Remand and Memorandum in Support of Motion to Remand*. Pending before this Court the *Notice of Removal* filed by Nationwide Property and Casualty Insurance Company ("Nationwide") in the above styled and numbered cause of action. However, as the Court lacks subject matter jurisdiction over this case, Plaintiff requests the Court remand this case back to state court. In support thereof, pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), Plaintiff would respectfully show this Honorable Court the following:

**I.
SUMMARY OF CASE**

1. The causes of action made the basis of this lawsuit arise out of an insurance claim made by Mr. Tran for damages to his residence located in Harris County, Texas ("the property"). Mr. Tran made a claim against his Texas Homeowners' Insurance Policy ("the Policy"), which was issued by Nationwide for damages to the Property as a result of wind and/or hail damage, on or about April 19, 2015.

2. Defendant Nationwide issued Plaintiff a Homeowners Insurance Policy, but subsequently denied and underpaid Plaintiff's claim.

3. Defendant Nationwide assigned Defendant Scottie R. Ayers ("Ayers") to adjust Plaintiff's claim.

4. Defendant Ayers inspected Plaintiff's home for wind and/or hail related damages and represented to them that there was coverage for his wind and/or hail damage.

5. Defendant Ayers misrepresented to Plaintiff there was coverage for his wind and/or hail damage and undervalued other damages to Plaintiff's home.

6. Despite the language in Plaintiff's homeowner's policy and representations by Defendant Ayers, Defendant Nationwide failed to compensate Plaintiff under the terms of his homeowner's insurance policy. In addition, Defendant Ayers and Defendant Nationwide performed on outcome-based investigation of Plaintiff's claims and wholly denied Plaintiff's property damage claim.

7. Defendants Nationwide and Ayers's conduct constitute breach of contract, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing.

8. Plaintiffs filed suit against Defendants on or about August 3, 2015.

9. Despite the fact that Defendants Nationwide and Ayers are properly joined Texas defendants in this case, Defendant Nationwide still removed this case to this Court on September 23, 2015, based on diversity grounds. *See* Defendant Nationwide's *Notice of Removal.*

10. Whether Defendant Ayers is a citizen of Texas is not in dispute in this case. Defendant Ayers lives in Texas and engages in the business of adjusting insurance claims in Texas. *See* Defendant Nationwide's Notice of Removal, ¶ 10, Document 1.

11. Removal is improper because diversity does not exist in this case. Furthermore, Defendant Ayers was the primary contact for Plaintiff throughout the claims process and has firsthand knowledge about the condition of Plaintiff's home and the contents therein following the covered loss. Defendant Ayers individually violated the Texas Insurance Code by failing to conduct a proper investigation and denying Plaintiff's claims. Defendant Ayers was not fraudulently joined in this case, therefore, this Court lacks subject matter jurisdiction. For the reasons set forth below, Plaintiff's request this case be remanded back to state court.

## II.
## ISSUES PRESENTED

12. Whether the Court lacks subject matter jurisdiction over this lawsuit because Mr. Ayers was not fraudulently joined to defeat diversity jurisdiction.

## III.
## ARGUMENT

13. This Court lacks subject matter jurisdiction over this lawsuit. In deciding this issue, the Court should consider whether Defendant Ayers is a citizen of Texas and whether Defendant Ayers was properly joined.

### A.  STANDARDS GOVERNING REMOVAL

14. The Court may remand a case on the basis of any defect identified in a motion for remand filed within thirty (30) days after the filing of the notice of removal under 28 U.S.C. § 1446(a). The party invoking a court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F. 3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.,* 275 F. 3d 414,417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.,* 128 F. 3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's

diversity jurisdiction. *Stafford v. Mobil Oil Corp.,* 945 F. 2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statue deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank, 128* F. 3d at 922; *Manguno,* 276 F. 3d at 723.

15.     In evaluating the propriety of removal, the Court must evaluate all federal allegations in the light most favorable to Plaintiff, must resolve all contested issues of fact in favor of Plaintiff, and must resolve all ambiguities of controlling state law in favor of Plaintiff. *See Burden v. General Dynamics Corp., 60* F. 3d 213, 216 (5th Cir. 1995) (citations omitted).

   **B. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE DEFENDANT AYERS IS A PROPERLY JOINED TEXAS DEFENDANT**

16.     The Court does not have subject matter jurisdiction over this case. There is not complete diversity of citizenship between the parties because Defendant Ayers is domiciled in the State of Texas and Plaintiff is domiciled in the State of Texas.

17.     Defendant Ayers is properly joined because (1) Plaintiff has valid causes of action against him and (2) the facts alleged in *Plaintiff's Original Petition* are sufficient to establish valid causes of action against Defendant Ayers.

18.     Defendant Nationwide has not met its heavy burden of proving that Plaintiff has not a possibility of recovering against Defendant Ayers.

19.     Therefore, Defendant Nationwide's contentions that Defendant Ayers was improperly added for the sole purpose of depriving the federal court of jurisdiction is without merit.

20. This case is not removable pursuant to 28 U.S.C. 28 U.S. C. § 1332, 28 U.S.C. § 1441 or 28 U.S.C. § 1446 and the Court should remand this case back to state court. *See Mayes v. Rapport,* 198 F. 2d 457, 461 (4th Cir. 1999).

### 1. <u>Standards Governing Fraudulent Joinder- The Burden is on Nationwide</u>

21. A claim of fraudulent joinder must be pleaded with particularity, supported by clear and convincing evidence, and proven with certainty. *See Mayes,* 198 F.2d 457 at 461; *Dollar v. G.M. Corp.,* 814 F. Supp. 538, 541 (E.D. Tex. 1993) (citations omitted). In removal cases, the removing party bears the significant burden of establishing the existence of federal jurisdiction. *See Wilson,* 257 U.S. at 97; *Allen,* 63 F. 3d at 1335. The Fifth Circuit has stressed "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis c. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving joinder was improper." *Smallwood v. Illinois Central RR. Co.,* 385 F.3d 568, 576 (5th Cir. 2004). The court lacks jurisdiction when the removing party does not meet this burden. *Id.*

22. To show joinder is fraudulent, the removing party must prove that there is no possibility that the Plaintiff will be able to establish a cause of action against the non-diverse defendant or that the Plaintiff engaged in outright fraud in pleading jurisdictional facts. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205-6 (5th Cir. 1983). Fraudulent joinder has been proven only if there is "no reasonable basis predicating that the Plaintiff might establish liability." *Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 357 (5th Cir. 1995).

23. "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the Plaintiffs' case." *Id.*

> "[t]he Court must evaluate all of the factual allegations in the Plaintiffs' state court pleadings in the light most favorable to the Plaintiffs, resolving all contested issues of substantive fact in favor of the Plaintiffs and examine relevant state law and resolve all uncertainties in favor on the non-removing party." *Green,* 707 F.2d at 205-6.

24. Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas Corp. V. Sheets,* 313 U.S. 100, 107-09 (1941); *Diaz v. Sheppard*, 85 F.3d 860, 865 (11th Cir. 1996).

25. The question before this Court is simply whether the cause of action asserted against Defendant Ayers is supported by the facts alleged and the laws of the State of Texas. *Chesapeake & Ohio Ry v. Cockrell*, 232 U.S. 146, 153 (1914); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 113 (3d Cir. 1990) (a court may not go into the merits of the claims or defenses to determine whether non-diverse parties are fraudulently joined), *cert. denied,* 498 U.S. 1085 (1991). In this case, Plaintiff has properly alleged a valid state law cause of action against Defendant Ayers under the Texas Insurance Code, which is supported by sufficient facts to establish a cause of action. Therefore, Defendant Ayers has been properly joined and this case should be remanded back to state court.

**2.     A Valid Cause of Action is Alleged Against Mr. Ayers**

26. Defendant Ayers has not been fraudulently joined because Plaintiffs have a valid cause of action against her under the Texas Insurance Code. Because Defendant Ayers is an adjuster in the business of insurance, she can be held individually liable for her actions under the Texas Insurance Code. The Texas Supreme Court, the Fifth Circuit, and numerous U.S. District Courts have recognized that adjusters can be liable under the Texas Insurance Code.

27. Defendant Nationwide claims that Defendant Ayers has been "fraudulently joined in this action." *See Notice of Removal*, ¶11, Document 1. However, Defendant Nationwide presents this Court with no evidence to support the contention that Plaintiff does not have valid causes of action against Defendant Ayers in state court. Without a shred of evidence, Defendant Nationwide boldly asserts that joinder is improper. Establishing that diversity jurisdiction exists is not Plaintiff's burden.

28. Not only did the Defendant Nationwide fail to provide this Court with any evidence, they failed to provide any argument, reasoning, or basis whatsoever for making such an assertion. Moreover, Defendant Nationwide did not meet its heavy burden proof with its bald allegations of improper joinder.

29. Establishing that diversity jurisdiction exists is not Plaintiff's burden. Defendant Nationwide has failed to conclusively establish that Plaintiff *could not* conceivably establish a cause of action against Defendant Ayers under Texas law.

30. When there are no allegations of outright fraud, the sole concern of the district court is whether, as a matter of law, the Plaintiff has alleged a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds,* 181 F. 3d 213, 217 (5th Cir. 1995). The Texas Supreme Court has resolved the issue presented here. *See Allstate Mutual Ins. Co. v. Garrison Contractors, Inc.,* 996 S.W.2d 482, 484 (Tex. 1998). Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" form engaging in deceptive practices in the business of insurance. *See id.; see also* Tex. INS. CODE ANN. §541.003 (2005). The term "person" is defined as "any **individual**, corporation, association, partnership, ... and any other legal entity engaged in the business of insurance, including agents, brokers, **adjusters** and life insurance counselors." TEX. INS. CODE ANN. §541.002 (2005) (emphases added). Thus,

§541.002 specifically provides that the definition of "person" includes claims adjusters such as Mr. Ayers. Chapter 541, Subchapter a, provides a private cause of action against any person that engages in unfair or deceptive acts as provided in section 3 of the subchapter. *See* TEX. INS. CODE ANN. §541.003 (2005).

31.     In *Garrison Contractors,* the Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to business entities. *See* 966 S.W.2d at 486-87. The term "person", for the purpose of placing liability, including individuals and company employees who are engaged in the business of insurance. *See id.* Thus, the wrongful conduct of an insurance adjuster can give rise to that individual's personal liability, despite the adjuster's "subordinate" relationship with the insurance carrier. In Texas, insurance claims adjusters are licensed professionals who must meet qualifications standards, continuing education requirements, and also pass a licensing examination, much like attorneys and other professionals. *See* TEX. INS. CODE ANN. §4101.051 (2005) ("[A] person may not act as or represent that the person is an adjuster in this state unless the person holds a license ...").

32.     This very issue has been decided in the United States District Courts on several occasions in several cases with substantially similar facts and allegations.

33.     The United States District Court for the Northern District of Texas found that similar allegations, made under the Texas Insurance Code, were sufficient to defeat an insurance company's assertion that the adjuster had been fraudulently joined. *See Russell v. State Farm Lloyds.* 2001 WL1326501, at *3 (N.D. Tex. 2001); *Shipley v. National Fire Ins. Of Hartford,* 1998 WL 355493, at *4 (N.D. Tex. 1998); *Brooks v. American Home Ins. Co.,* 1997 WL 538727 (N.D. Tex. 1997) (holding that defendants failed to show there was no possibility the plaintiff

could prevail on claims against adjuster); *see also Bruner v. State Farm Lloyds,* 1999 WL 33290662, at *2 (W.D. Tex. 1999); *Jackson v. Wilson,* 4. Supp.2d 671 (E.D. Tex. 1998) (insurance agent can be held individually liable for violations of the Texas Insurance Code).

34. The Eastern District considered the same issues in *Grace Tabernacle vs. State Farm, et al.,* Cause No. 1:02-CV-331. In *Grace Tabernacle,* Judge Thad Heartfield remanded that case back to state court. In doing so, Judge Heartfield recognized that "[w]hen confronted with the viability of an Article 21.21 [now codified as Chapter 541] claim against persons in their individual capacity, the Texas Supreme Court squarely held that "Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance. *See* Plaintiff's Exhibit A, Memorandum Opinion and Order of Remand, at page 2-3 (citing *Garrison Contractors,* 966 S.W.2d at 487). Judge Heartfield noted the substantial burden of proving fraudulent joinder and that there is no possibility that the plaintiff could establish a cause of action in concluding "[i]t is possible for adjusters to engage in the practice of insurance, thereby subjecting them to liability under Article 21.21. In Texas, insurance adjusters are licensed professionals who must pass a licensing exam, satisfy certain statutorily set criteria and participate in continuing education. *See* Plaintiff's Exhibit A, Memorandum Opinion and Order of Remand, at page 3 (citing TEX. INS. CODE art 21.07-4).

35. In another case out of the Eastern District, *Albair v. Liberty et al.,* Civil Action No. 1:03CV91 (E.D. Tex. April 16, 2003), Judge Ron Clark of the U.S. District Court for the Eastern District of Texas, Beaumont Division presiding, ruled against the removing defendant on the basis of fraudulent joinder. *See* Plaintiff's Exhibit B. The question in *Albair* was whether the removing party had conclusively proven that there was no possibility of recovery. The Honorable Court addressed this issue at length, narrowing it down to the question of "the possibility that the

plaintiff can state a claim under state law against a non-diverse defendant. *See* Plaintiff's Exhibit B, at page 3. The Court wrote extensively on the application of Texas Law, including *Garrison Contractors,* to this situation and addressed the necessity of the court to resolve all questions in the Plaintiffs favor for purposes of determining fraudulent joinder. The Court found there was nothing in the record indicating that the plaintiff, after a period of discovery, would not be able to establish her claims as alleged against either adjuster defendant. The Court found that the defendants did not meet their heavy burden of showing fraudulent joinder on the facts pleaded in *Albair*. The Eastern District also remanded a similar case back to state court in *Magnes vs. State Farm Lloyds,* Civil Action No. 1:02-CV-270. *See* Plaintiff's Exhibit C.

36. In *Hill v. The Northwestern Mutual Life Ins. Co., et al,* Judge James R. Nowlin of the U.S. District Court for the Western District of Texas, Austin Division, considered a similar factual situation and causes of action. *See* Plaintiff's Exhibit D. In *Hill*, the removing defendant alleged that the insurance adjusters were fraudulently joined to defeat removal. In his Order remanding the case, Judge Nowlin considered the Texas Supreme Court's opinion in *Garrison Contractors* and found that "it is at least possible that [the adjuster] has special insurance expertise and is engaged in the business of insurance. *See* Plaintiff's Exhibit D, at page 3. In that case, Judge Nowlin concluded that "there is at least possibility that Plaintiff has a cause of action against Defendant [adjuster] under Texas Insurance Code Article 21.21. Thus, this Court has no diversity jurisdiction and this case must be remanded. *See* Plaintiff's Exhibit D, at page 4.

37. In *Linda Duvall vs. Liberty Texas Lloyds, et al.,* Civil Action No. H-03-5312, the Southern District held that under *Garrison Contractors,* Defendant Adjuster Olson, as Liberty's employee, had "engaged in the business of insurance," as the *Garrison Contractors* court defined the phrase, because he allegedly handled, and failed to pay in full, the claim in issue. *See*

Plaintiff's Exhibit E, at page 5 (citing *Garrison Contractors,* 966 S.W.2d at 486). The Court further went on to hold that there was a reasonable basis for predicting that state law would impose liability on Olson under the facts pled (whether or not plaintiff ultimately can prove those facts is not the issue at this time). *See* Plaintiff's Exhibit E, at page 5. Ultimately the Court concluded that Liberty had not met its burden to demonstrate fraudulent joinder of Defendant Adjuster Olson. *See* Plaintiff's Exhibit C, at page 5. The Southern District also came to the same decision in opinions rendered in *Cornman vs. State Farm Lloyds,* 2001 WL 34098662, at *4 (S.D. Tex. 2001) and as well as in *Jones v. State Farm Lloyds,* Civil Action No. H-05-0634. *See* Plaintiff's Exhibit F.

38. As such, Mr. Ayers is a "person" that is potentially liable under the Texas Insurance Code. *See, e.g., Blanchard v. State Farm Lloyds,* 206 F. Supp.2d 840, 846-48 (S.D. Tex. 2001) ("[T]his court cannot hold that there is no reasonable possibility that plaintiffs could establish a claim against [the adjuster] in state court..."); *Tenner v. Prudential Ins. Co. Of Am.,* 872 F. Supp. 1571, 1574 (E.D. Tex. 1994) (The court held that the insured could maintain an action under the DTPA and the Texas Insurance Code against the insurance agent in her individual capacity). The Court should remand this case to state court because Plaintiff has alleged a valid state law cause of action against Mr. Ayers.

        3. **Plaintiffs' Factual Allegations Against Defendant Ayers are Sufficient to Support a Cause of Action**

39. Defendant Ayers has not been fraudulently joined because Plaintiff has alleged facts against Mr. Ayers that are sufficient to support a cause of action against both defendant for violations of the Texas Insurance Code.

40. "[W]hether the plaintiff has alleged a valid state law cause of action depends upon...the factual fit between the plaintiffs' allegation and the pleaded theory of recovery."

*Griggs,* 181 F.3d at 701. In the case at bar, there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder." *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 285-286 (5th Cir. 2001) (quoting *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir. 1993). "[F]ederal courts are not to weigh the merits of a Plaintiffs' claim beyond determining whether it is an arguable one under state law." *Crowe,* 113 F.3d at 1538 (stating that federal courts are not to weigh the merits of a Plaintiffs' claim beyond determining whether it is an arguable one under state law).

41. The facts alleged against Defendant Ayers are not merely a pretext to defeat diversity jurisdiction. Plaintiff's factual allegations, any that specifically concern the wrongful conduct of Defendant, include the following:

¶15 Defendants misrepresented to Plaintiff that the damage to the property was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants conduct constitutes violations of the *Texas Unfair Competition* and *Unfair Practices Act.* TEX. INS. CODE. Section 541.060(1).

¶16 Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants conduct constitutes violations of the *Texas Unfair Compensation* and *Unfair Practices Act.* TEX. INS. CODE. Section 541.060(2).

¶17 Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants conduct constitutes violations of the *Texas Unfair Compensation* and *Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

¶18 Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants conduct constitutes violations of the *Texas Unfair*

> *Compensation* and *Unfair Practices Act.* TEX. INS. CODE. ANN. Section 541.060(4).
>
> ¶19   Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants conduct constitutes violations of the *Texas Unfair Compensation* and *Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).
>
> ¶30   Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.
>
> ¶31   Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants liability under the policy was reasonable clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.
>
> ¶32   Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.
>
> ¶33   Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.
>
> ¶34   Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

*See Plaintiff's Original Petition.*

42. "When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually. We also note that, under the liberal requirements of notice pleading,'[n]o technical forms of pleadings... are required.' *See* FED. R. CIV. P. 8(a)." *Crowe v. Coleman,* 113 F. 3d 1536, 1539 (11th Cir. 1997).

43. Defendant Nationwide further argues that Plaintiff's pleadings are not specific enough and there is no basis for predicting they will establish liability against Defendant Ayers. Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant. *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896 (Tex.2000). A petition is sufficient if it gives fair and adequate notice of the facts upon which a pleader bases his claim. *Id.* The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense. *Id.* The test of the "fair notice" pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain [the] nature and basic issues of controversy and testimony probably relevant. *City of Alamo v. Casas,* 960 S.W.2d 240, 251 (Tex.App.-Corpus Christi 1997, pet. denied). A petition is sufficiently pled if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex.1993).

44. In *Edwea, Inc. v. Liberty Ins. Co.,* No. H–10–2970, 2010 WL 5099607, 2010 U.S. Dist. LEXIS 129582 (S.D.Tex. Dec.8, 2010), Judge Rosenthal concluded that "neither *Smallwood* nor *Griggs* requires a district court to test the sufficiency of a state court petition under *Twonbly* and *Iqbal* in conducting an improper joinder analysis when the state-court pleading standards are more lenient." *Edwea,* 2010 U.S. Dist. LEXIS 129582 at *18, 2010 WL

5099607. In support, the *Edwea* court points out that "the majority of courts have held that a federal court should not look to the federal standard for pleading sufficiently under Rule 8 and 12(b)(6) to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when, as here, the state pleading standard is more lenient." *Id.* 2010 U.S. Dist. LEXIS 129582 at *12–*13, 2010 WL 5099607. Judge Rosenthal then goes on to cite approximately thirteen other cases in support. *Id.* at *13–*16. She also points out that the oft-cited statement from *Griggs* requiring a "factual fit" between the plaintiffs' allegations and the pled theory of recovery was not made in the context of a Rule 12(b)(6) analysis of an improper joinder argument, but rather was made in the context of the summary judgment-like procedure sometimes utilized in improper joinder cases. *Id.* at*11–*12. Judge Rosenthal explains that *Griggs,* like *Smallwood,* was decided pre-*Twombly* and pre-*Iqbal,* and *Griggs* does not actually provide guidance on whether the federal pleading standard applies to a motion to remand based on improper joinder when that motion is analyzed based solely on the state-court petition. *See id.* at *12.

45. Because Plaintiffs' original petition was filed in state court in accordance with the Texas pleading standard, it would be unfair to hold Plaintiffs to the more stringent standard in federal court. *See Centro Cristiano*, 2011 U.S. Dist. LEXIS 6541 at *48, 2011 WL 240335. Therefore, this Court should consider the Texas fair notice pleading standard rather than the stricter Rule 8 of the Federal Rules of Civil Procedure federal pleading standard when reviewing the Plaintiffs' claims as pled in their original petition.

46. If Plaintiff can show the allegations to be true, which in the fraudulent joinder context the Court must resolve in the non-moving party's favor, then there exists the possibility Plaintiffs will be able to establish violations of the Texas Insurance Code against Defendant

Ayers. Whether Plaintiffs are ultimately able to prove Defendant Ayers engaged in the alleged conduct goes to the merits of the claim and is not the issue before the Court. Instead, what the Court must decide is whether there is absolutely no possibility Plaintiff will be able to establish a cause of action against Mr. Ayers in state court. *Great Plains Trust Co. V. Morgan Stanley Dean Witter,* 313 F. 3d 305, 312 (5th Cir. 2002). Here, Nationwide does not, and cannot, meet the heavy burden of proving that joinder of Mr. Ayers is fraudulent. Removal, therefore, is improper and the Court must remand this case to Texas state court.

## V.
## CONCLUSION

The Court should remand this case to the 133rd Judicial District Court of Harris County, Texas. Federal jurisdiction under 28 U.S.C. §§1332 requires the removing party to state facts showing a complete diversity of citizenship and an amount of controversy exceeding $75,000.00. Nationwide's argument that Mr. Ayers has been fraudulently joined does not satisfy those requirements. Furthermore, Nationwide is unable to meet the heavy burden to prove that there is absolutely no possibility that Plaintiffs will be able to establish a cause of action against Mr. Ayers, the non-diverse defendant or prove that Plaintiffs have engaged in outright fraud in pleading the jurisdictional facts. Therefore, removal is improper. As a result, the Court should also award Plaintiffs reasonable attorneys' fees, pursuant to 28 U.S.C. §1447 (c).

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant Plaintiff's Opposed Motion to Remand and Memorandum in Support of Motion to Remand. Plaintiff also requests any other and further relief, either at law or in equity, to which Plaintiff may show himself to be justly entitled.

        Respectfully submitted,

        **THE BYRD LAW FIRM, P.C.**

        s/ Jason M. Byrd
        Jason M. Byrd
        State Bar No. 24036303
        Federal ID No. 35780
        *Attorney in Charge*
        Thomas C. Mayo
        State Bar No. 24032703
        Federal ID No. 1040851
        The Byrd Law Firm
        448 Orleans Street
        (409) 924.0660/ (409) 924.0035
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel has conferred with counsel for Defendants regarding the subject of this Motion in a good-faith attempt to resolve the matter without court intervention, and the result of said conference was as follows:

    __X___        No agreement could be reached without the necessity of court intervention.

    _____        Defendants' attorney has agreed and is unopposed to movant's request under this Motion.

        s/ Jason M. Byrd
        Jason M. Byrd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, in accordance with the Texas Rules of Civil Procedure this 22nd day of October, 2015.

James R. Carsey                                VIA ECF
Thompson Coe Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056

        s/ Jason M. Byrd
        Jason M. Byrd