IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID TRAN | § | |
| | § | |
| VS. | § | NO. 4:15-CV-02779 |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| AND SCOTTIE R. AYERS | § | JURY DEMANDED |

## AGREED MOTION FOR REMAND BASED ON STIPULATION OF DAMAGES

Plaintiff, David Tran, and Nationwide Property and Casualty Insurance Company and Scottie R. Ayers, through their undersigned attorneys, hereby file their Agreed Motion for Remand Based on Stipulation of Damages. The parties would respectfully show the court as follows:

1. A court may remand a case at any time on the basis of a defect in subject matter jurisdiction identified in a Motion for Remand. 28 U.S.C. § 1447(c). The amount in controversy must exceed $75,000.00 for the court to exercise diversity jurisdiction under 28 U.S.C. §1332(a).

2. This case was removed based on diversity jurisdiction. (Doc. 1).

3. After filing of the removal, Plaintiff has stipulated that he will not seek damages in excess of $74,999.99, including any damages related to economic damages, consequential damages, punitive damages, statutory damages, attorneys' fees, and any other element of damages exclusive of interest and court costs. Plaintiff agrees neither to seek nor to accept any amount in excess of $74,999.99 for all damages and attorney's fees, exclusive of interest and costs, sought from Nationwide Property and Casualty Insurance Company and/or Scottie R. Ayers, or any person or entity acting on its behalf, in this case, on any cause of action now

1

asserted or that might be asserted at any time in the future by Plaintiffs in relation to the above-entitled cause of action.

4.  That stipulation was been filed with the Court prior to this Motion.

5.  Defendant has accepted and relied upon that stipulation.

6.  Based on Plaintiff's written stipulation that the amounts in controversy do not exceed $74,999.99 exclusive of interest and costs, remand is now appropriate.

7.  However, the parties agree that, should Plaintiffs violate the foregoing stipulation, then in addition to Defendant's other available remedies such as filing motions for contempt or to enforce the stipulation – Defendant has also reserved the right to seek removal of this case.

## CONCLUSION

8.  Based on Plaintiff's written stipulation that the amount in controversy does not exceed $74,999.99, exclusive of court costs, remand is now appropriate.  In addition to other remedies, Defendant specifically reserves the right to seek removal again if the Plaintiff ever violates the damages stipulation.

          Respectfully submitted,

          s/ Jason M. Byrd
          Jason M. Byrd
          State Bar No. 24036303
          Federal ID No. 35780
          *Attorney in Charge*
          Thomas C. Mayo
          State Bar No. 24032703
          Federal ID No. 1040851
          The Byrd Law Firm
          448 Orleans Street
          (409) 924.0660/ (409) 924.0035
          ATTORNEYS FOR PLAINTIFF

                                s/ James R. Carsey
                                James R. Carsey
                                State Bar No. 24045620
                                Federal ID No. 567102
                                Thompson Coe Cousins & Irons, LLP
                                One Riverway, Suite 1400
                                Houston, Texas 77056
                                (713) 403.8210 / (713) 403.8299
                                ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record, in accordance with the Federal Rules of Civil Procedure this 3rd day of November, 2015.

James R. Carsey                                VIA ECF
Thompson Coe Cousins & Irons, LLP
One Riverway, Suite 1400
Houston, Texas 77056

                                                    s/ Jason M. Byrd
                                                    Jason M. Byrd